Alan R. Mayberry, prosecuting attorney, and Jacqueline M. Kirian, for appellant.
Walter Meneses, for appellee.
 DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Wood County Court of Common Pleas, where the trial court determined that appellee, Marcus Griffin, was not a sexual predator pursuant to R.C. 2950.09. Because we conclude that the trial court did not err in its determination, the judgment of the Wood County Court of Common Pleas is affirmed.
On March 23, 1987, appellee, pursuant to a plea agreement, was found guilty of and sentenced to six to fifteen years on one count of attempted aggravated burglary, six to twenty-five years on one count of aggravated burglary, and six to twenty-five years on one count of rape. The sentences were to run concurrently.
On December 3, 1999, the trial court notified appellee of its intent to conduct a sexual predator classification hearing. The trial court conducted the hearing on March 30, 2000, and found appellee not to be a sexual predator. It is from this decision that appellant, the state of Ohio, appeals, setting forth the following sole assignment of error:
 "THE TRIAL COURT'S FINDING THAT MARCUS GRIFFIN WAS NOT A SEXUAL PREDATOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
R.C. 2950.09(B)(3) states that after hearing all testimony and evidence presented at the hearing and examining the factors specified in R.C.2950.09(B)(2), the court is to determine by clear and convincing evidence whether the offender is a sexual predator. Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence was to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been con- victed of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual mis- conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
At the sexual predator classification hearing, appellant asked the trial court to take judicial notice of the conviction entry and the pre-sentence investigation report prepared by the Adult Probation Department in determining whether or not to classify appellee as a sexual predator. Appellant also asked the trial court to review the transcript of the victim's testimony in the suppression hearing of March 10, 1987, as well as appellee's probation violation filed on January 5, 1987.
In its judgment entry, the trial court stated that it had considered the evidence presented and all relevant factors, including, but not limited to, the factors specified in R.C. 2950.09(B)(2). The trial court did not find the evidence to be clear and convincing that appellee was "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(C).
In making its determination, the trial court considered the fact that appellee was twenty-one years old, drunk, and exhibited fairly immature behavior at the time of the offense.
It also considered appellee's prior criminal record, which did not include any sexual offenses. While the trial court did not find appellee to be a sexual predator, it did find him to be a sexually-oriented offender, as defined under R.C. 2950.01.
Based upon our review of the record, we conclude that the trial court did not err in determining that appellant failed to establish by clear and convincing evidence that appellee was likely in the future to engage in one or more sexually oriented offenses. Accordingly, appellant's sole assignment of error is not well taken.
The judgment of the Wood County Court of Common Pleas is affirmed. The cost of this appeal is assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________________ James R. Sherck, J., JUDGE
 Richard W. Knepper, P.J., Mark L. Pietrykowski, J., JUDGE, CONCUR.